# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>collect an oral swab or swabs of deoxyribonucleic acid (DNA) from saliva containing epithelial cells from Kennenta T. LEWIS (Male/Black, DOB: 12/24/1998, FBI: 9H300ELN6) | Case No. 24-877M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the   Eastern   District of   Wisconsin  
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before  7/8/2024  *(not to exceed 14 days)*
xx❏ in the daytime 6:00 a.m. to 10:00 p.m.    ❏ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Honorable Nancy Joseph  .
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ❏ for _____ days *(not to exceed 30)*    ❏ until, the facts justifying, the later specific date of _____.

Date and time issued: 6/24/2024 @ 4:18 p.m.        */s/ Nancy Joseph*
                                                                        *Judge's signature*

City and state:    Milwaukee, WI            Honorable Nancy Joseph, U.S. Magistrate Judge
                                                                                           *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

*Person to be searched*

The person to be searched is **Kennenta T. LEWIS (Male/Black, DOB: 12/24/1998, FBI: 9H300ELN6)**

8

## ATTACHMENT B

### *Property to be seized*

The property to be seized is saliva containing epithelial cells by buccal swab.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
collect an oral swab or swabs of deoxyribonucleic acid (DNA) from saliva )  Case No. 24-877M(NJ)
containing epithelial cells from Kennenta T. LEWIS )
(Male/Black, DOB: 12/24/1998, FBI: 9H300ELN6) )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the \_\_\_\_\_Eastern\_\_\_\_\_ District of \_\_\_\_\_Wisconsin\_\_\_\_\_, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sections 922(g)(1) and 924(a)(8) | Felon in Possession of a Firearm |

The application is based on these facts:
Please see Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of \_\_\_\_\_ days *(give exact ending date if more than 30 days:* \_\_\_\_\_*)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Alexander Erlien, Special Agent - ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by \_\_\_telephone\_\_\_ *(specify reliable electronic means)*.

Date: 6/24/2024

*Judge's signature*

City and state: Milwaukee, WI    Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# APPLICATION FOR SEARCH WARRANT

I, Alexander Erlien, being first duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of applications under Rule 41 of the Federal Rules of Criminal Procedure for search warrants to collect an oral swab or swabs of deoxyribonucleic acid (DNA) from saliva containing epithelial cells from the following individual, who is presently located in the Eastern District of Wisconsin:

**A1. Kennenta T. LEWIS (Male/Black, DOB: 12/24/1998, FBI: 9H300ELN6)**

2. I have been a Special Agent with the ATF since September 26, 2018. I was previously employed as Police Officer for the City of Janesville, Wisconsin for approximately five and a half years, and prior to that, I was an Officer in the United States Navy for approximately five years. I have a bachelor's degree in philosophy from the University of Wisconsin – Madison. I have been involved in numerous investigations involving violations of firearms laws, drug trafficking, human trafficking, and drug possession, resulting in the arrest of numerous criminal defendants and the seizure of illegal firearms and illicit controlled substances.

3. I have received training in the investigation of unlawful possession of firearms and possession of firearms by prohibited persons, as well as drug trafficking and related offenses. I have been trained regarding these offenses and has arrested individuals for federal firearms related offenses, as well as drug trafficking offenses. I have also investigated drug trafficking offenses at the state and federal level, including violations of Title 21, United States Code, Sections 841, 846, and 856. I know from training and experience that those that commit crimes commonly communicate, photograph, videotape, and organize using electronic devices, including by phone call, text message, electronic mail, messaging application, and social media.

4. I have participated in numerous investigations involving the seizure of computers, cellular phones, cameras, and other digital storage devices, and the subsequent analysis of electronic data stored within these devices. I have also participated in investigations involving the use of historical and prospective location information to identify targets, map patterns of travel, corroborate other evidence, and apprehend persons to be arrested. On numerous occasions, this electronic evidence has provided proof of the crimes being investigated and corroborated information already known or suspected by law enforcement. During the course of my investigations, I have regularly used electronic evidence relating to the commission of criminal offenses, including intent, motive, manner, means, and the identity of co-conspirators.

5. I have participated in the execution of numerous search warrants in which weapons, narcotics, and/or evidence of drug trafficking were seized in violation of state and federal laws. I am familiar with the different types and calibers of firearms and ammunition commonly possessed for illegal purposes, as well as the methods used to conduct narcotics trafficking. I have had a variety of formal, informal, and on the job training in the investigation of illegal firearms possession firearms trafficking, and drug trafficking. Additionally, I am familiar with street name(s) of firearms, controlled substances, and respective related topics, as well as has knowledge of the use of money laundering to conceal ill-gotten money.

6. In the course of my experience, I have and continue to be involved in investigations where DNA analysis provided evidence of crimes and of a particular person's participation in a crime, including the packaging and manufacturing of drugs, the control of or nexus to drug premises, and the possession of firearms, ammunition, and firearms accessories.

7. This affidavit is based upon my personal knowledge and upon information reported to me by other federal, state, and local law enforcement officers during the course of their official

duties, all of whom I believe to be truthful and reliable.

8. Because this affidavit is submitted for the limited purpose of securing search warrants, I have not included each and every fact known to me concerning this investigation. I have set forth only facts that I believe are sufficient to establish probable cause.

## II. PROBABLE CAUSE

9. On 06/14/2024, A Menomonee Falls Police Department (MFPD) Police Officer was alerted to a stolen vehicle traveling westbound on Main St. from Boundary Rd. by the Waukesha County Communications center. The vehicle was described as a white Land Rover with Wisconsin (WI) license plate of ASE1485. The MFPD officer was located approximately 1 to 1.5 miles from that intersection and immediately started to check the area for the stolen vehicle. Eventually, the MFPD officer checked the parking lot of Ascension Hospital, located at N88W14275 Main St., and found the Land Rover parked and unoccupied in the parking lot.

10. The MFPD officer radioed that he had located the stolen vehicle and several other police officers started to come to his location. After two other police officers arrived at the scene, the original MFPD officer asked them to go inside the hospital to attempt to locate the occupants of the vehicle. The original officer stayed with the stolen vehicle to make sure it did not leave the area while officers were attempting to find its occupants.

11. An MFPD officer went inside the waiting room of the emergency room (ER) at the hospital and found two subjects, a male and a female, in the waiting room. That MFPD officer reported to another officer his findings and they determined that one of them should wait outside the waiting room in case the suspect fled the scene while the other would go inside and make contact with the individuals in the waiting room. The officer that went inside the waiting room of

3

the hospital ER made contact with a hospital employee who refused to provide her name. While he was making contact with the employee, he observed a female in a white shirt walking into the ER part of the hospital. That employee advised the officer that the two people in the waiting room, one of them being the female in the white shirt that was seen walking into the ER, had recently come into the hospital.

12. MFPD officers also made contact with the hospital administrator who provided them with security camera footage showing that same male and female arriving at the hospital in the stolen Land Rover and parking in the parking lot of the hospital. LEWIS was the driver and S.R. was the only passenger inside the vehicle.

13. A MFPD officer approached the male and identified himself to the male. The male reached towards a bulge in his pocket that made the officer fear for their safety and the officer grabbed hold of the male's arm. The male resisted officers, causing a second MFPD officer to come to the first officer's aid. The male and the officers eventually went to the ground where the officers were able to place the male in handcuffs with his hands behind his back. The officers identified the male as LEWIS and requested that the hospital evaluate him for any injuries. LEWIS was searched after being arrested. On LEWIS's person, was approximately $276 in cash, two sets of keys, and a cellphone. On the ground around LEWIS was a second cellphone, the keys to the stolen Land Rover, LEWIS's hat, and LEWIS's glasses.

14. While officers were standing by with LEWIS while he was getting medically cleared, other officers made contact with the female observed with LEWIS and the stolen vehicle in the parking lot. The female was identified as S.R. (female/black, DOB: XX/XX/2003). S.R. was initially located in the female bathroom and was placed in handcuffs. Eventually she was taken out of handcuffs, and then she provided a statement on scene to one of the officers involved

in the incident. She stated that she had met LEWIS approximately two weeks earlier and was picked up by him earlier in the day. She had never seen LEWIS with that vehicle before and LEWIS was the only person in the vehicle when he came and picked her up. S.R. stated that she only brought her purse with her into the vehicle which she had on her while the officer was interviewing her. She did not have any knowledge of any other bag or items in the vehicle other than the purse she brought with her that remained in her possession. She was released shortly after her interview with the police.

15. An MFPD officer then entered the stolen vehicle and immediately smelled the odor of marijuana. That officer then observed that there was a "cigar style joint with a green leafy substance inside the center console cup holder". The officer immediately believed the substance to marijuana based on their training and experience. The officer then observed a black backpack behind the center console on the floor. Inside the backpack the officer found a Glock 22 handgun (serial number AETC250) with a machinegun conversion device attached to the back of its slide (commonly referred to as a "Glock Switch"). The Glock 22 had one round in its chamber and an extended magazine that was loaded with 21 rounds of .40 caliber ammunition. Also found in the backpack was a Nike ski mask, grey gloves, a digital scale, and three different sandwich bags filled a white powder (later field tested positive for fentanyl). The bags weighed 2.45 grams, 5.12 grams, and 13.35 grams. The MFPD evidence technician field tested the bag with 2.45 grams which caused the bag to weigh 2.42 grams. A final weight of the bags combined had a total package weight of 20.89 grams. The MFPD evidence tech field tested the suspect marijuana and found that it tested positively for marijuana and had a total package weight of 2.05 grams.

16. After LEWIS was medically cleared from the hospital, he was taken to the MFPD to be interviewed. LEWIS was read his Miranda warning and waived his right to an attorney.

LEWIS stated that he got the Land Rover from a black male he knew as "Juicy" on a two-day lease. LEWIS described "Juicy" as a "crack head" who LEWIS sold drugs to in the past. LEWIS denied any knowledge of the car being stolen and stated he was unaware of any backpack in the vehicle. LEWIS stated that he picked up S.R. that morning and drove her to the hospital so that they both could be tested for sexually transmitted diseases. LEWIS stated that S.R. was a "good girl" and that he has never observed her use drugs or handle firearms, nor does he know her to use drugs or handle firearms. After the interview, LEWIS was arrested and taken to the Waukesha County Jail.

17. The Glock 22 found in the backpack was swabbed for DNA by a MFPD evidence technician. The swabs are currently in evidence at MFPD along with the fentanyl, marijuana, ski mask, gloves, the Glock 22, the 22 rounds of .40 caliber ammunition, the extended magazine, the two cellphones (a black summit flip phone and a black Apple iPhone) found on LEWIS, the digital scale, and the $276 in cash.

18. A review of LEWIS's criminal history shows that he is a convicted felon and prohibited from possessing a firearm. At the time of the incident LEWIS was on extended supervision for two felony convictions one for possession with intent – amphetamine (party to a crime) and the other for possession with intent – cocaine (party to a crime).

19. Your affiant is aware through his training and experience that illicit drugs in multiple containers/baggies in different weights and with a scale are often associated with the sale of illicit drugs. Your affiant is also aware that a firearm present with illicit drugs is also associated with the sale of drugs. Through training and experience your affiant also knows that it is common for individuals illegally selling drugs to carry multiple cellphones and that a common type of

secondary phone used for the sale of illicit drugs (commonly referred to as the drug line) is a flip phone.

### III. CONCLUSION

20. Based on the information above, I submit that there is probable cause to believe that by taking oral swabs of the mouths of LEWIS, there may now be found DNA that is evidence of the knowing possession of a firearm after previously having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). Therefore, I request that this Court issue a search warrant to obtain samples of LEWIS's DNA from saliva containing epithelial cells for subsequent testing and examination.

**ATTACHMENT A**

*Person to be searched*

The person to be searched is **Kennenta T. LEWIS (Male/Black, DOB: 12/24/1998, FBI: 9H300ELN6)**

8

## ATTACHMENT B

*Property to be seized*

The property to be seized is saliva containing epithelial cells by buccal swab.